Raparthi v Clarke (2019 NY Slip Op 03929)





Raparthi v Clarke


2019 NY Slip Op 03929


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Sweeny, J.P., Renwick, Tom, Kapnick, Oing, JJ.


9374 654875/16

[*1]Virupaksha Raparthi, et al., Plaintiffs-Appellants,
v
Michael Joseph Clarke, Defendant-Respondent.


O'Brien, LLP, New York (A.J. Monaco of counsel), for appellants.
Reisman Rubeo & Altman, LLP, Hawthorne (Mark I. Reisman of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 2, 2018, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion to dismiss defendant's counterclaim for defamation, unanimously reversed, on the law, without costs, and the motion granted.
The statements on which the defamation counterclaim is based were made in a uniform termination notice for the securities industry (Form U-5), and are therefore protected by an absolute privilege (Rosenberg v Metlife, Inc., 8 NY3d 359 [2007]). Defendant's allegation that plaintiff Raparthi, in completing the compulsory form on behalf of his firm and explaining the reasons for defendant's termination, acted outside the scope of his official capacity or authority or exploited his official position in furtherance of a private pursuit unrelated to the business is conclusory and in any event would not provide a basis for sustaining the counterclaim (see Stega v New York Downtown Hosp., 31 NY3d 661, 669 [2018] [absolute privilege "entirely immunizes an individual from liability in a defamation action, regardless of the declarant's motives"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK